OPINION
On October 12, 1995, Holly Deeds was operating a motor vehicle owned by her father, John Deeds. Appellant, Leslie Farmer, was a passenger in said vehicle. While traveling westbound on Bolen Road in Licking County, Ohio, Ms. Deeds swerved to avoid an unidentified vehicle that had crossed the center line. As a result, Ms. Deeds drove off the roadway and struck a utility pole. Appellant sustained serious injury to her right arm.
Ms. Deeds was insured through a policy her father held with appellee, Grange Mutual Casualty Company. Said policy contained liability coverage in the amount of $250,000 per person and $500,000 per accident. The policy also contained uninsured/underinsured motorists coverage in the same amounts. Appellee paid appellant $250,000 under the policy's liability coverage.
On January 3, 1997, appellant, together with her parents, filed a complaint against Ms. Deeds, her parents, appellee and others alleging negligence and seeking uninsured/underinsured motorists benefits. On April 27, 1998, appellants filed a motion for summary judgment. Appellee filed a motion for summary judgment on May 1, 1998. By judgment entry filed May 29, 1998, the trial court denied appellants' motion and granted appellee's motion finding the amended version of R.C. 3937.18 was applicable and Savoie v. Grange Mutual Ins. Co. (1993), 67 Ohio St.3d 500, was not.
Appellants filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED IN GRANTING GRANGE MUTUAL CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFFS BECAUSE ISSUES OF MATERIAL FACT REMAIN REGARDING WHETHER THE SUPREME COURT'S DECISION IN ROSS v. FARMERS GROUP OF INSURANCE COMPANIES (1998), 82 OHIO ST.3D 281 IS APPLICABLE TO THIS CASE.
 II THE TRIAL COURT ERRED IN GRANTING GRANGE MUTUAL CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT BECAUSE GENUINE ISSUES OF MATERIAL FACT REMAIN AS TO WHETHER PLAINTIFFS ARE ENTITLED TO COLLECT UNINSURED MOTORIST BENEFITS PURSUANT MOTORIST BENEFITS PURSUANT TO THE COVERAGE PROVIDED BY DEFENDANT'S POLICY WITH GRANGE CASUALTY COMPANY.
 I
Appellants claim the trial court erred in granting summary judgment to appellee. Specifically, appellants claim issues of material fact remain regarding whether Ross v. Farmers Group ofInsurance Companies (1998), 82 Ohio St.3d 281, is applicable to this case. We agree.
In Ross at syllabus, the Supreme Court of Ohio held "[f]or the purpose of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties."
The record sub judice does not establish the date the contract for automobile liability insurance was entered into. Based upon the retroactivity of Supreme Court decisions as enumerated in Peerless Electric Co. v. Bower (1955), 164 Ohio St. 209, we hereby direct the trial court to review the date the insurance contract was entered into, apply the statutory law in effect at said date, and determine the scope of coverage.
Appellants argue the date should be governed by the "two year window test" as set forth in R.C. 3937.31(A) wherein said statute states "[e]very automobile insurance policy shall be issued for a policy period of not less than two years or guaranteed renewable for successive policy periods totaling not less than two years."
In their brief at 13, appellants argue "there is potentially up to a two year window in which Savoie can be applied after October 20, 1994 depending upon when the policy is renewed, i.e. if the policy is issued on October 19, 1992 and renewed on October 19, 1994, then Savoie could apply to an accident up until October 19, 1996."
We read R.C. 3937.31(A) to mean if an individual contracts for insurance on October 1, 1998, the insurer is required to renew the policy for a two year period or until September 30, 2000. We do not read the statute to mean at each renewal time the policy is guaranteed for a continuing two year period. Insurer's statutory obligation "to insure" ceases at the end of the first two year time span.
The next inquiry is whether the insurance contract sub judice
is a two year policy or a six months policy renewable every six months for a period of two years. The Supreme Court of Ohio has found depending upon the specific language in the insurance contract, a new contract of insurance may be created at every six month renewal. See, Benson v. Rosler (1985), 19 Ohio St.3d 41.
In reviewing the insurance contract sub judice, we find it is not a Benson type policy but a two year policy. The declarations page of the insurance contract describes the policy period as follows:
 POLICY PERIOD: From 09/19/95 to 03/19/96 12:01 a.m. std. time at the address of the named insured as shown, and for additional six month periods each if renewed, as provided in the policy.
At page 10, the insurance contract contains provisions for nonrenewal and automatic termination as follows:
 Nonrenewal. If we decide not to renew or continue this policy, we will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed at least 20 days before the end of the policy period.
 Automatic Termination. If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.
In construing the lanugage of the insurance contract in favor of the insured (King v. Nationwide Ins. Co. (1988),35 Ohio St.3d 208, we find the language "to renew or continue" the policy does not create a six months policy.
Based upon this reasoning, the trial court is directed to consider the insurance contract as a two year policy in determining the date of the insurance contract.
Assignment of Error I is granted.
 II
Based upon our decision in Assignment of Error I, this assignment of error is moot.
The judgment of the Court of Common Pleas of Licking County, Ohio is hereby reversed.
By Farmer, P.J., Gwin, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is reversed and remanded to said court for further proceedings consistent with this opinion.